```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT


UNITED STATES OF AMERICA       :
                               :
        v.                     :        File No. 1:08-CR-57-03
                               :
TINA FORREST                   :
```

### RULING ON DEFENDANT'S RENEWED MOTION FOR ACQUITTAL
(Paper 107)

I. Background

A grand jury returned a five-count Superseding Indictment against Defendant Tina Forrest on December 17, 2008. Count One charged Forrest with conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Counts Two through Five charged Forrest with aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. A jury in the District of Vermont convicted Forrest on all five counts on February 6, 2009. Forrest filed a Renewed Motion for Acquittal on February 13, 2009, asserting the government presented insufficient evidence for the jury to return a guilty verdict.

II. Analysis

   A. Standard

"It is well settled that a defendant seeking to overturn a conviction based upon insufficiency of the evidence bears a heavy burden." United States v. Santos, 541 F.3d 63, 70 (2d Cir. 2008)

1

(quoting United States v. Martinez, 54 F.3d 1040, 1042 (2d Cir. 1995)). The Court assesses the evidence "in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." United States v. Walker, 191 F.3d 326, 333 (2d Cir. 1999) (quoting United States v. Hernandez, 85 F.3d 1023, 1030 (2d Cir. 1996)). While "a conviction based on speculation and surmise alone cannot stand," United States v. D'Amato, 39 F.3d 1249, 1256 (2d Cir. 1994), "the jury's verdict may be based entirely on circumstantial evidence." Martinez, 54 F.3d at 1043. Moreover, "pieces of evidence must be viewed not in isolation but in conjunction." D'Amato, 39 F.3d at 1256.

The conviction must be upheld if the Court determines "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Santos, 541 F.3d at 70 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The government is not required "to preclude every reasonable hypothesis which is consistent with innocence." United States v. Chang An-Lo, 851 F.2d 547, 554 (2d Cir. 1988). Rather, "where either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, the court must let the jury decide the matter." Santos, 541 F.3d at 70 (quoting United States v.

Autuori, 212 F.3d 105, 114 (2d Cir. 2000)(internal quotation marks omitted)).

B. Analysis

The conspiracy and distribution charges against Defendant Forrest arose from her participation as driver of drug dealer Eva Nichols. Forrest argues her convictions for aiding and abetting cocaine base distribution and conspiracy to distribute cocaine are not supported by the evidence because the government never proved she knew Nichols was selling drugs. Forrest points out that although Nichols testified that Forrest drove her to and from numerous drug deals, Nichols stated repeatedly on cross-examination that she did not make Forrest aware of where or why she was driving Nichols.

1. Conspiracy Charge

When a defendant challenges the sufficiency of the evidence in a conspiracy case, "deference to the jury's findings is especially important . . . because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." United States v. Morgan, 385 F.3d 196, 204 (2d Cir. 2004) (ellipsis in original) (citation and internal quotation marks omitted). The record must nonetheless permit a rational jury to find: "(1) the existence of the

3

conspiracy charged; (2) that the defendant had knowledge of the conspiracy; and (3) that the defendant intentionally joined the conspiracy." Santos, 541 F.3d at 70 (internal citations omitted). Both the existence of the conspiracy and the defendant's conspiratorial intent may be established through circumstantial evidence. United States v. Gore, 154 F.3d 34, 40 (2d Cir. 1998).

Thus, where there is no explicit agreement to join a conspiracy, intent may be inferred from "evidence that the defendant, in addition to knowing the essential nature of the plan, has associated [herself] with the venture in some fashion, participated in it as something that [she] wished to bring about, or sought by [her] action to make it succeed." Santos, 54 F.3d at 72 (citing United States v. Vargas, 986 F.2d 35 (2d Cir. 1993)(internal quotation marks omitted)).

Forrest essentially argues the government failed to prove she knew Nichols was selling cocaine when she transported her, and therefore failed to prove she was aware of or joined a conspiracy with Nichols to distribute cocaine. The Court disagrees. After evaluating the direct and circumstantial evidence presented at trial in light of the standards outlined above, the Court is satisfied that a rational jury could find Forrest knew of and joined a conspiracy to distribute cocaine.

4

The government's evidence consisted in part of testimony from a confidential informant ("CI") who purchased cocaine from Nichols when Forrest drove her to the charged (and one uncharged) drug distributions. The CI testified Forrest was seated close to Nichols; the deals were not concealed; the drugs were on three occasions packaged in clear plastic; money was openly passed in front of Forrest; the CI and Nichols' conversations, which discussed drugs, weights, prices and future transactions, were audible to Forrest; and Forrest handled money and drugs in one instance. The CI's testimony was corroborated by audio recordings of the drug deals, one video and photographs of the drugs and cash. The CI and co-conspirators also testified about other drug transactions during which Forrest was present.

Nichols testified she believed Forrest knew of and intentionally participated in the conspiracy by knowingly driving her to and from drug deals and that she provided Forrest with compensation in the form of drugs, money and groceries. The government also presented co-conspirators' testimony that Forrest had used cocaine on many occasions, establishing Forrest's familiarity with the circumstances attending a cocaine sale and the drug's appearance and packaging. Finally, the jury heard Forrest admit during her post-arrest interview that she smoked

5

crack cocaine, saw Nichols frequently and often drove Nichols around town.

The Court finds this evidence is sufficient for a rational jury to conclude Forrest had knowledge of a conspiracy to distribute cocaine and intentionally joined the conspiracy by transporting Nichols to and from cocaine transactions.

### 2. Distribution Charges

Forrest was charged with distribution on the theory that she aided and abetted Nichols by driving her to and from drug deals. A defendant may be convicted of aiding and abetting a crime under 18 U.S.C. § 2 if the government proves (1) the underlying crime, here distribution of cocaine base, was committed by a person other than the defendant, (2) the defendant knew of the crime and (3) the defendant acted with the intent to contribute to the success of the underlying crime. United States v. Hamilton, 334 F.3d 170, 180 (2d Cir. 2003). The Court finds the evidence supporting the conspiracy charge, outlined in Section B.1 above, also supports Forrest's convictions on the distribution counts. A rational jury could conclude Forrest knew Nichols was distributing cocaine and intended to contribute to the success of the drug deals by transporting her.

### III. Conclusion

Defendant's Renewed Motion for Acquittal is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 2nd day of June, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge